UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD W. ZAPPLEY, SR.,

    Plaintiff,

v.

ROBERT SHARFENBERG, M.D., et al.,

    Defendant.
_____/

File No. 2:08-cv-275

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Before the Court is a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants Dr. Robert Sharfenberg and the Veteran Medical Center Radiology Department. (Dkt. No. 8.) Plaintiff has filed a response to the motion, and a sur-reply to Defendants' reply. (Dkt. Nos. 11, 17, 18.) Defendants have also filed a motion asking the Court to strike Plaintiff's proposed affidavit of merit. (Dkt. No. 24.) Plaintiff has filed a response to the motion to strike. (Dkt. No. 27.)

**I.**

According to Plaintiff's complaint, Defendant Dr. Robert Sharfenberg, a primary care physician at the "V.A. Medical Center" in Iron Mountain, Michigan, ordered x-rays of Plaintiff's elbow to evaluate pain in his arm. (Dkt. No. 1, Ex. B, Compl. 2.) Plaintiff alleges that on June 5, 2007, during the course of the x-ray procedure, radiology staff instructed him to kneel on a "three inch" pillow that was "inadequate." (*Id.* at 3.) Plaintiff alleges that his

knee was injured as a result of kneeling on the pillow, and as a result of radiation from the x-rays. Plaintiff contends that he should have been given a proper cushion, or that the x-ray should have been performed without requiring him to kneel, and that radiology staff should have been instructed regarding his medical condition, which includes "partial paralysis" of the left side of his body. (*Id.*) Plaintiff also alleges improper diagnosis of the condition of his knee. (*Id.* at 7.) Plaintiff, proceeding *pro se*, filed suit against Dr. Sharfenberg and the Veterans Affairs Medical Center Radiology Department ("VAMC") under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, on the basis of "intentional malpractice, negligence, and other unlawful actions[.]" (Dkt. No. 1, Pl.'s Mot. for Leave to File In Forma Pauperis 5).

## II.

At the outset, the Court notes that the proper party defendant in this case is the United States. The remedy against the United States under the FTCA for torts by government employees acting within the scope of their employment is exclusive of other actions for money damages. 28 U.S.C. § 2679(b)(1).[1] The United States Attorney has certified that Defendant Sharfenberg was acting within the scope of employment at the time of the incident

---

[1] That statute provides, in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

in question (Dkt. No. 7); thus, the United States will be substituted as the proper party defendant in place of Dr. Sharfenberg and the VAMC. 28 U.S.C. § 2679(d)(1).[2]

**A. Medical Malpractice Claim**

Defendants argue that Plaintiff's medical malpractice claim should be dismissed because Plaintiff has failed to file an affidavit of merit with his complaint, as required by Michigan law in connection with an action alleging medical malpractice.

The FTCA waives the sovereign immunity of the federal government and its agencies for certain torts by government employees, such that "the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Under the FTCA, the federal district courts have jurisdiction over civil actions involving "personal injury" caused by the "negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1). Claims brought pursuant to the FTCA are generally governed by state substantive law, while federal law provides the rules of procedure. *See Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996) (determining that state law governs the cause of action and the application of the FTCA's statute of limitations); *Young v. United States*, 71 F.3d 1238, 1241-42 (6th Cir. 1995)

---

[2]That statute provides, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(determining that state law governs the liability of the defendant). Because the actions at issue in this case occurred in Michigan, Michigan law governs the substantive cause of action.

Under Michigan law, a complaint alleging medical malpractice must be accompanied by an affidavit "signed by a health professional who the [plaintiff] reasonably believes meets the requirements for an expert witness under section 2169." Mich. Comp. Laws § 600.2912d. Section 2169 details the qualifications for such an expert witness and Section 2912d sets forth the requirement for the affidavit. Mich. Comp. Laws §§ 600.2169, 2912d. Michigan state courts, as well as this Court, have concluded that the requirements in Sections 2912d and 2169 are substantive in nature. *See McDougall v. Schanz*, 597 N.W.2d 148, 158 (Mich. 1999); *Dowidait v. Adams*, No. 217726, 2001 WL 824473, at *3 (Mich. Ct. App. Jul. 20, 2001); *Lee v. Putz*, No. 1:03-cv-267, 2006 WL 1791304, at *4 (W.D. Mich. Jun. 27, 2006).

To determine whether the requirements for medical malpractice claims apply, the Court must determine whether Plaintiff's claims sound in medical malpractice or ordinary negligence. The proper test is whether "the facts allegedly raise issues that are within the common knowledge and experience of the jury or, alternatively, raise questions involving medical judgment." *Dorris v. Detroit Osteopathic Hosp. Corp.*, 594 N.W.2d 455, 465 (Mich. 1999).³ Reviewing Plaintiff's complaint, the Court concludes that Plaintiff's claims sound

---

³There does not appear to be any dispute as to the other requirement for a claim to sound
(continued...)

in medical malpractice. Plaintiff's claim of improper diagnosis is clearly an issue of medical judgment. Plaintiff's claim related to his knee injury during the x-ray procedure is a closer case, but the Court concludes that it also sounds in medical malpractice. Determining the proper position for the x-ray, and the means necessary to minimize or prevent injury to the patient as a result of, and during, an x-ray procedure involve exercises in medical judgment and are not issues within the common knowledge and experience of a jury. This is particularly true if, as Plaintiff contends in his response to the motion to dismiss, Defendants were aware of Plaintiff's pre-existing medical conditions that might be aggravated by the procedure and failed to take appropriate measures to prevent injury. (*See* Dkt. No. 11, Pl.'s Resp. in Opp'n to Mot. to Dismiss 5.)

The purpose of the affidavit requirement is to "deter frivolous medical malpractice claims by verifying through the opinion of a qualified health professional that the claims are valid." *Barnett v. Hidalgo*, 732 N.W.2d 472, 479 (Mich. 2007). There is no dispute that Plaintiff did not file an affidavit of merit with his complaint. On January 15, 2009, in his response to the motion to dismiss, Plaintiff submitted to the Court letters to two physicians showing that he had requested an affidavit of merit (Pl.'s Resp., Ex. L); he also requested more time from the Court to obtain an affidavit from his physicians. (Pl.'s Resp. 11.) On May 12, 2009, more than five months after Defendants' originally filed their motion to

---

[3](...continued)
in medical malpractice, *i.e.* that the claim pertains to an action that occurred "within the course of a professional relationship[.]" *Dorris*, 594 N.W.2d at 465.

5

dismiss, Plaintiff filed what he claims is an affidavit of merit. (Dkt. No. 23.) Plaintiff's affidavit of merit is a letter from his primary care physician, Dr. Michael G. Keeker. The letter notes, in relevant part:

> Apparently the patient did have some problems with his knee where he had gone and had some x-rays done at the VA hospital. As part of the x-ray exam, they did have him kneel down on the floor and the patient states that he did have worsening symptoms of knee pain with the kneeling.
>
> I did explain to the patient that when someone does have degenerative changes of the knee, that definitely kneeling on it could exacerbate the pain. I did explain also to [Plaintiff] that it is going to be very difficulty [sic] to differentiate how much of his current knee pain is mainly because of older degenerative changes and how much is more from acute inflammation from his recent activities.

(*Id.*) Defendants have filed a motion to strike this letter, contending that it does not satisfy the requirements for an affidavit of merit. (Dkt. No. 24.) The Court agrees with Defendants. Plaintiff's purported affidavit of merit fails to satisfy any of the requirements of Section 2912d: it is not an affidavit, it does not indicate the appropriate standard of care or provide any opinion regarding a breach of such standard, it does not indicate that Dr. Keeker reviewed Plaintiff's medical records, and it does not indicate what action should have been taken by Defendants. *See* Mich. Comp. Laws § 600.2912d.

When a plaintiff fails to file an affidavit of merit with the complaint, Michigan state courts generally dismiss the malpractice claims without prejudice. *See Dorris*, 594 N.W.2d at 466; *Scarsella v. Pollak*, 607 N.W.2d 711, 714 (Mich. 2000). In their motion to strike, Defendants argue that Plaintiff's medical malpractice claim should be dismissed *with prejudice* because the time for commencing such an action under the FTCA has passed.

The FTCA requires that a plaintiff file a complaint within six months after notice of final denial by the agency to which the claim was presented. 28 U.S.C. § 2401(b). Notice of denial of Plaintiff's malpractice claim by the Department of Veterans Affairs was mailed to Plaintiff on September 3, 2008. (Dkt. No. 1, Compl. Ex. A.) The notice letter indicated to Plaintiff that he had six months from the mailing date of the letter to bring suit in federal court. (*Id.*) Thus, the statute of limitations under the FTCA with respect to Plaintiff's medical malpractice claim passed in March of 2009.

In *Huffman*, the Sixth Circuit determined that state law governs the application of the FTCA statute of limitations. 82 F.3d at 705. Under Michigan law, an affidavit of merit is presumed valid until it is successfully challenged. *Kirkaldy v. Rim*, 734 N.W.2d 201, 203 (Mich. 2007). However, the filing of a complaint without the required affidavit of merit does not toll the applicable statute of limitations; thus, untimely-filed affidavits of merit do not relate back to a timely-filed complaint. *Scarsella*, 607 N.W.2d at 715. Even if the Court were to find that the filing of Defendant's proposed affidavit tolled the statute of limitations, he filed it on May 12, 2009, at least two months after the statute of limitations had already run.

Plaintiff's request for more time to obtain an affidavit of merit will be denied as moot because Plaintiff has already filed a purported affidavit of merit. Moreover, Plaintiff had ample opportunity to obtain and file a timely affidavit of merit within the statute of limitations period without an extension of time from the Court. Even if Plaintiff was initially

7

unaware of the affidavit requirement, Plaintiff had almost two months to obtain an affidavit of merit after Defendants filed their motion to dismiss arguing that such an affidavit was required.

For the foregoing reasons, the Court will dismiss Plaintiff's medical malpractice claim with prejudice because it would be futile for Plaintiff to attempt to refile an untimely claim. *See Holmes v. Mich. Capital Med. Ctr.*, 620 N.W.2d 319, 320 (Mich. Ct. App. 2000) (noting that dismissal with prejudice is appropriate where the malpractice claim is time-barred after failure to comply with the affidavit of merit requirement).

### B. Other Claims

Though his complaint is fraught with rambling and nearly incomprehensible prose, the Court is mindful that Plaintiff's *pro se* pleadings are to be given liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff apparently seeks to pursue other claims against Defendants in addition to medical malpractice. Plaintiff contends in his response to Defendants' motion to dismiss that he asserts claims of "fraud, intentional malpractice, intentional negligence, conspiracy, . . . collusion, and discriminatory services by the Defendants." (Dkt. No. 11, Pl.'s Resp. 5.)

#### 1. Fraud and Discrimination Claims

Defendants move to dismiss Plaintiff's fraud and discrimination claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss, a court must construe the complaint in the light most favorable to the non-moving

8

party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). In doing so, however, the court does not accept "the bare assertion of legal conclusions[,]" nor does it "accept as true . . . unwarranted factual inferences." *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997) (citations omitted). Though the factual allegations in a complaint need not be detailed, they must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented[.]" *Id.* at n.3 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

The Court agrees with Defendants that Plaintiff has failed to state a claim for either fraud or discrimination. Fraud claims must be pleaded with particularity. Fed. R. Civ. P. 9(b). Plaintiff asserts that his fraud claim is based on "the deceitful actions of placing the plaintiff in a medical healthcare position to cause injuries . . . ." (Dkt. No. 18, Pl.'s Sur-Reply to Defs.' Mot. to Dismiss 14.) Plaintiff does not, however, indicate what false, material misrepresentations were made or how these misrepresentations lead to an injury to Plaintiff. Rule 9(b) requires the Plaintiff to allege, at a minimum, "the time, place, and content of the alleged misrepresentation on which [plaintiff relied]; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (quoting

9

*Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). To the extent that Plaintiff intends to assert a claim of fraud, Plaintiff has failed to satisfy the pleading requirements.

Similarly, in support of his discrimination claim, Plaintiff asserts that "injuries were constructed to occur by doctor and radiology actions and omissions . . . specifically leading to knee injuries." (Pl.'s Sur-Reply at 17.) The complaint itself refers to a "method of discrimination of services" (Compl. at 9.); however, Plaintiff does not indicate, in his complaint or elsewhere, the basis for any discrimination. Plaintiff does not, for instance, allege that he was treated differently than any similarly-situated individuals.

In response to Defendants' motions to dismiss and to strike the affidavit, Plaintiff reiterates his belief that he is entitled to relief based on what occurred during the x-ray procedure, refers the Court to evidence related to the condition of his knee and his medical records, but he does not offer any additional factual allegations to support his additional claims, or seek leave to amend the complaint. To the extent that any of Plaintiff's responses to the motion to dismiss or to the motion to strike could be construed as a motion to amend the complaint, they fail to rehabilitate Plaintiff's claims.

Finally, while the FTCA waives sovereign immunity for certain tort claims, Plaintiff has not provided the Court with a basis for jurisdiction over his discrimination claim.

### 2. Conspiracy, Assault, and Battery Claims

To the extent that Plaintiff has sufficiently alleged claims of conspiracy, assault, battery, or fraud, the Court agrees with Defendants that these claims are precluded by

sovereign immunity.

Though the complaint is not a model of clarity, Plaintiff's conspiracy claim appears to be tied to his claims of fraud and/or assault and battery. Plaintiff's complaint asserts that "medical doctors intentional activities that caused injuries were part of an expanded method to create the plaintiff to complain" and that VAMC allowed "a conspiracy to take place in this knee injuries in a simplistic conditions setup." (Compl. at 10.) Plaintiff asserts that Defendants' actions against Plaintiff "induced illegal complications and the new physical injuries by methods of the malpractice, fraud and stated activities that were an intentional manipulative healthcare attack" and that these actions were used to "instill fear[,]" and constituted a "continuation of assault and battery" on Plaintiff. (*Id.* at 9.)

The FTCA provides for a waiver of sovereign immunity for certain tort claims; however, the waiver of immunity does not apply to claims "arising out of . . . assault, battery . . . misrepresentation, [or] deceit[.]" 28 U.S.C. § 2680(h). Plaintiff's fraud, assault, and battery claims fall within this exclusion, as does the conspiracy claim because it arises out of the former claims. Plaintiff has not offered the Court any reason for concluding that Defendants have waived immunity for these claims. In the absence of such waiver, the Court lacks jurisdiction to hear these claims and they must be dismissed.

### III.

Defendants have also moved to strike the proposed affidavit of merit because it does not satisfy the requirements for such an affidavit under Michigan law. Though the Court

11

agrees with Defendants' assessment of the proposed affidavit, Defendants have not provided the Court with any procedural grounds for striking it from the record. Accordingly, Defendants' motion will be denied.

For the foregoing reasons,[4] Defendants' motion to dismiss will be granted, Defendants' motion to strike will be denied, and Plaintiff's claims will be dismissed with prejudice. An order will be entered that is consistent with this opinion.


Dated: <u>July 13, 2009</u>  /s/ Robert Holmes Bell
 ROBERT HOLMES BELL
 UNITED STATES DISTRICT JUDGE

---

[4] Defendants also assert that the United States has not been properly served with a summons and that this merits dismissal of the complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 4(a)(i) (discussing requirements for service on the United States). In light of the Court's resolution of the other arguments raised by Defendants, the Court finds it unnecessary to address this issue.